UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02270-SVW-JC | Date | January 30, 2026 |
|---|---|---|---|
| Title | Daniel Carlos Garcia v. County of Riverside, et al., | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**          (IN CHAMBERS)  **ORDER TO SHOW CAUSE**

On August 8, 2025, Daniel Carlos Garcia ("Plaintiff"), who is proceeding *pro se* and is currently detained at the California State Prison in Corcoran, California ("CSP-Corcoran"), filed a paid "Class Action Civil Rights Complaint For Damages and Injunctive Relief" ("Complaint" or "Comp.") against: the County of Riverside ("County") and its Board of Supervisors ("Board") – Jose Medina, Karen Spiegel, Chuck Washington, V. Manuel Perez, and Yxstian Gutierrez; the Riverside County Sheriff's Department ("RCSD"); County Sheriff Chad Bianco; County Undersheriff Don Sharp; County Assistant Sheriff Herman Lopez; Martin Tochtrop, the retired former Commander of the John Benoit Detention Center ("JBDC"); JBDC Medical Administrator "Saul"; Jeffrey Loh, D.D.S., Chief of Dentistry for the RCSD; RCSD staff dentist John Doe 1; the Riverside County Health Department; the Riverside University Health System; Thomas Minahan, D.O., Medical Director of Correctional Health Services for the County; County Counsel Minh C. Tran; Deputy County Counsel Emily Headlee; Deputy County Counsel Justin J. Janzen; the State of California; the California Department of Corrections and Rehabilitation ("CDCR"); CDCR Secretary Jeff Macomber; Edward J. Silva, Acting Warden of CSP-Corcoran; Edward H. Martin, Chief Executive Officer of CSP-Corcoran; and John Does 2-50.  (Comp. at 1-3 & ¶¶ 8-30).  Macomber, Silva and Martin are sued in their official capacities only; every other individual defendant is sued in both their individual and official capacities.  (Comp. at 1-3 & ¶¶ 10, 12-15, 18-24, 27-29).

In his Complaint, Plaintiff alleges that on January 7, 2020, he was transferred from CDCR to RCSD custody to attend court hearings.[1]  (Comp. ¶ 82).  At that time, he was in good dental health with no cavities or tooth fractures.  (Comp. ¶¶ 78-84).  However, in 2024, John Doe 1, an RCSD dentist,

---

[1]Plaintiff alleges he was previously in RCSD custody between March 13, 2009 and October 12, 2012, and he complains about the dental care he received during that time period.  (Comp. ¶¶ 66-77).  The Court interprets these allegations as providing background information, and not raising a separate claim for relief.  If Plaintiff does intend to raise a Section 1983 claim for inadequate dental care between 2009 and 2012, any such claim is likely untimely.  See, e.g., Holt v. Cnty. of Orange, 91 F.4th 1013, 1018 (9th Cir. 2024) ("California's two-year limitations period for personal injury actions, Cal. Civ. Proc. Code § 335.1, applies to . . . § 1983 claims.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02270-SVW-JC | Date | January 30, 2026 |
|---|---|---|---|
| Title | Daniel Carlos Garcia v. County of Riverside, et al., | | |

discovered that two of Plaintiff's fillings had cracked and determined Plaintiff needed crowns on both damaged teeth. (Comp. ¶¶ 95-96). Doe told Plaintiff the crowns were medically necessary, but RCSD did not offer the procedure and Plaintiff should try and obtain care from a private dentist to avoid needless extraction of the teeth. (Comp. ¶¶ 97-98). Plaintiff was subsequently examined by Dr. Loh, who determined Plaintiff's damaged teeth were suitable for restoration with crowns and one tooth might also need a root canal. (Comp. ¶ 100). Dr. Loh also informed Plaintiff he should avoid having the teeth extracted if they could be saved, and advised Plaintiff to find a "traveling dentist" who would do the work in jail. (Comp. ¶¶ 101-02).

JBDC Medical Administrator Saul informed Plaintiff it would cost Plaintiff more than $10,000 to be transported to an outside dental facility, and that approval for such transport was solely at the discretion of JBDC Commander Tochtrop, who did not approve Plaintiff's request for outside dental care. (Comp. ¶¶ 103-05).

Plaintiff asserts that because of the deliberate indifference to his dental needs, he has suffered, and continues to suffer, severe pain and discomfort. (Comp. ¶¶ 158-67).

In addition to Plaintiff's dental claims, Plaintiff alleges that: Headlee objected to Plaintiff raising his dental care claim in an already pending state habeas corpus proceeding, forced him to file a new state habeas petition related to dental care, and objected to releasing copies of Plaintiff's dental records to him; and RCSD improperly transferred Plaintiff into state custody, which allowed Janzen to argue Plaintiff's state medical and dental habeas proceedings were moot while also improperly characterizing crown placement and root canal therapy as "elective procedures[.]" (Comp. ¶¶ 107-33, 141-42, 217-23).

Based on these allegations, Plaintiff raises twenty-four causes of action: (1-2) deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments; (3, 16) denial of access to courts in violation of the federal and California Constitutions; (4, 17) retaliation in violation of the First Amendment and California Constitution; (5) Section 1983 and 1985(3) conspiracy to violate civil rights; (6) a Monell[2] claim; (7) Section 1983 supervisory liability; (8) medical/dental malpractice; (9) negligence; (10) intentional infliction of emotional distress; (11) negligent infliction of emotional distress; (12) fraudulent misrepresentation; (13) violation of the Tom Bane Act, Cal. Civ. Code § 52.1; (14-15) denial of equal protection in violation of the Fourteenth Amendment and the California Constitution; (18) respondeat superior; (19) violation of the California Dental Practice Act; (20) medical battery; (21) extortion; (22) violation of the Health Insurance Portability and Accountability Act ("HIPAA"); (23) violation of the California Medical Records Access Laws; and (24) violation of Title 15 §§ 1206-08 of the California Code of Regulations. (Comp. ¶¶ 228-370). Plaintiff seeks, among other things, damages and declaratory and injunctive relief. (Comp. ¶¶ 371-85 & pp. 49-51).

---

[2]Monell v. Department of Social Servs., 436 U.S. 658 (1978).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02270-SVW-JC | Date | January 30, 2026 |
|---|---|---|---|
| Title | Daniel Carlos Garcia v. County of Riverside, et al., | | |

The Prison Litigation Reform Act of 1995 requires the Court to review a complaint, such as Plaintiff's, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); see also O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) ("Section 1915A applies whether or not the prisoner's claim is brought in forma pauperis."). Having conducted such review, the Court notes that the Complaint appears to be deficient in multiple respects.[3]

First, Plaintiff has attempted to bring this action as a class action. (See Dkt. No. 1). However, Plaintiff, who is proceeding *pro se*, cannot represent other individuals in this action. The privilege to represent oneself *pro se* "is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987))). Nor may a *pro se* plaintiff represent a class in a class action. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); DeBrew v. Atwood, 792 F.3d 118, 132 (D.C. Cir. 2015) (A "*pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); see also Simon, 546 F.3d at 664 ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

Second, Plaintiff has sued the County and various County Defendants for declaratory and injunctive relief. (See Comp. at 49-50). However, Plaintiff has been transferred from County to state custody following his convictions for first degree murder, conspiracy to commit first degree murder, and other crimes, see Garcia v. Bianco, 2024 WL 5177842, *1 n.1 (C.D. Cal. 2024); (Comp. at 1, 8-9), and Plaintiff does not allege he has any reasonable expectation of returning to County custody. Therefore, Plaintiff's requests for declaratory and injunctive relief – which only seek relief for injuries allegedly occurring in County custody – appear moot. Rhodes v. Stewart, 488 U.S. 1, 2-4 (1988) (per curiam); Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

Third, Plaintiff has sued California, the CDCR, Macomber, Silva, and Martin (collectively "State Defendants") as "nominal" defendants not because they have allegedly caused him any injury, but "solely for purposes of effectuating prospective relief." (See Comp. ¶¶ 25-29). But, among other issues,

---

[3]The Court's identification of multiple deficiencies is not meant to indicate that there are no other deficiencies in the Complaint or that further screening of the Complaint will not be necessary after the issues discussed herein have been addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02270-SVW-JC | Date | January 30, 2026 |
| Title | Daniel Carlos Garcia v. County of Riverside, et al., | | |

Plaintiff's request for prospective relief appears moot, as discussed above.  And even if that wasn't the case, there are multiple other flaws with Plaintiff's "claims" against the State Defendants.  For instance, regarding Plaintiff's federal claims – which provide the basis for this Court's jurisdiction over this action – Plaintiff cannot maintain a claim against California or the CDCR for the violation of his federal constitutional rights because the Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief.  Papasan v. Allain, 478 U.S. 265, 276-77 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  Likewise, Plaintiff has sued Macomber, Silva and Martin in their official capacities, but an official capacity suit against a public employee is equivalent to a suit against his or her employer, which in this case is the State of California.  Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013).  And while the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law[,]" Children's Hospital and Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir. 1999), cert. denied, 530 U.S. 1204 (2000); Ex Parte Young, 209 U.S. 123, 159-60 (1908), this exception is inapplicable here.  Moreover, even setting aside Eleventh Amendment issues, Plaintiff has not alleged causation as it relates to any of the State Defendants.  See, e.g., Baker v. McCollan, 443 U.S. 137, 142 (1979) ("[A] public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights.'" (citation omitted; emphasis in original)); Chaudhry v. Aragón, 68 F.4th 1161, 1169 (9th Cir. 2023) ("'In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.'" (quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008))).

Fourth, Plaintiff has named 50 Doe Defendants.  (Comp. at 3 & ¶ 30).  However, Local Rule 19-1 allows for no more than 10 Doe Defendants.  See Local Rule 19-1 ("No complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties.").

Fifth, in Claim Twenty-Two, Plaintiff alleges a HIPAA violation; however, "HIPAA itself does not provide for a private right of action."  Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010) (quoting Webb v. Smart Document Solutions, Inc., 499 F.3d 1078, 1082 (9th Cir. 2007)), cert. denied, 562 U.S. 1222 (2011); Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 847 (9th Cir. 2016).

Given these deficiencies, IT IS ORDERED that Plaintiff shall show good cause in writing, within twenty (20) days, why Claim Twenty-Two, the State Defendants and Does 11-50 should not be dismissed from this action, and why Plaintiff's class action allegations and requests for declaratory and injunctive relief should not be struck from this action.  **Plaintiff is cautioned that the failure to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action for failure to comply with a Court Order or, alternately, the dismissal of Claim Twenty-Two, the claims against the State Defendants and Does 11-50, and the striking of the class action allegations and requests for declaratory and injunctive relief for the reasons discussed herein.**

IT IS SO ORDERED.