UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02270-SVW-AYP                    Date:  July 31, 2026

Title   Daniel Carlos Garcia v. County of Riverside et al

Present:  The Honorable:   Anna Y. Park, United States Magistrate Judge

| M. Pogosyan | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER ON CLASS ACTION CIVIL RIGHTS COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND ORDER TO SHOW CAUSE (Dkt. Nos. 1, 12, 13).**

On August 8, 2025, Daniel Carlos Garcia ("Plaintiff"), who is proceeding *pro se* and is currently detained at the California State Prison in Corcoran, California ("CSP-Corcoran"), filed and paid "Class Action Civil Rights Complaint For Damages and Injunctive Relief" ("Complaint" or "Comp.") against: the County of Riverside ("County") and its Board of Supervisors ("Board") – Jose Medina, Karen Spiegel, Chuck Washington, V. Manuel Perez, and Yxstian Gutierrez; the Riverside County Sheriff's Department ("RCSD"); County Sheriff Chad Bianco; County Undersheriff Don Sharp; County Assistant Sheriff Herman Lopez; Martin Tochtrop, the retired former Commander of the John Benoit Detention Center ("JBDC"); JBDC Medical Administrator "Saul"; Jeffrey Loh, D.D.S., Chief of Dentistry for the RCSD; RCSD staff dentist John Doe 1; the Riverside County Health Department; the Riverside University Health System; Thomas Minahan, D.O., Medical Director of Correctional Health Services for the County; County Counsel Minh C. Tran; Deputy County Counsel Emily Headlee; Deputy County Counsel Justin J. Janzen; the State of California; the California Department of Corrections and Rehabilitation ("CDCR"); CDCR Secretary Jeff Macomber; Edward J. Silva, Acting Warden of CSP Corcoran; Edward H. Martin, Chief Executive Officer of CSP-Corcoran; and John Does 2-50. (Comp. at 1-3 & ¶¶ 8-30). Macomber, Silva and Martin are sued in their official

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:25-cv-02270-SVW-AYP                              Date:  July 31, 2026

Title       Daniel Carlos Garcia v. County of Riverside et al


capacities only; every other individual defendant is sued in both their individual and official capacities. (Comp. at 1-3 & ¶¶ 10, 12-15, 18-24, 27-29).

The Prison Litigation Reform Act of 1995 requires the Court to review a complaint, such as Plaintiff's, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a); *see also O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) ("Section 1915A applies whether or not the prisoner's claim is brought in forma pauperis.").

On January 30, 2026, the Court issued an Order to Show Cause to the Plaintiff why Claim Twenty-Two, the State Defendants and Does 11-50 should not be dismissed from this action, and why Plaintiff's class action allegations and requests for declaratory and injunctive relief should not be struck from this action, and other deficiencies in the Complaint ("OSC"). (Dkt. No. 12.)

On February 4, 2026, the Plaintiff filed a Response to the Order to Show Cause. (Dkt. No 13.) In the Response, Plaintiff voluntarily agrees to dismiss Does 11-50 and acknowledges that a *pro se* litigate cannot represent a class. Plaintiff further clarifies that the operative time period is January 7, 2020, and that facts related to his prior custody from March 13, 2009, to October 12, 2012, is time barred and provided for factual background only. (Dkt. No. 13.) Plaintiff further acknowledges that Claim Twenty-two (22) under HIPAA does not create a private right of action but argues that Claim Twenty-three under state law is viable. (Dkt. No.13.) Plaintiff argues that the state defendants should remain in the case because the Court can exercise jurisdiction over state claims and actors.

In reviewing Plaintiff's response, the Court hereby dismisses the Complaint and Orders Plaintiff to file a First Amended Complaint within thirty (30) days of this Order with the following changes:

(1) Plaintiff acknowledges that he cannot bring a class action as a *pro se* litigant and therefore references to the action as class action is stricken and dismissed;

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-02270-SVW-AYP                                    Date:  July 31, 2026

Title    Daniel Carlos Garcia v. County of Riverside et al

(2) Claim Twenty-two under HIPAA is stricken and dismissed for failing to state claim because a private right of action is not created under HIPAA;

(3) The First Amended Complaint will clarify that the operative time period to be from January 7, 2020, and not 2009 through 2012;

(4) Claims against California, The CDCR, Macomber, Silva, and Martin ("State Defendants") are hereby dismissed for failing to allege a cause of injury as it relates to any of the State Defendants. *Baker v. McCollan*, 443 U.S. 137, 142 (1979) ("[A] public official is liable under § 1983 only 'if he *causes* the plaintiff to be subjected to a deprivation of his constitutional rights.'" (citation omitted; emphasis in original)); *Chaudhry v. Aragón*, 68 F.4th 1161, 1169 (9th Cir. 2023) ("'In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury.'" (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). The facts as stated in the Response do not address causation. The mere fact that plaintiff is now getting the dental care and fixing the alleged wrongs by the Riverside County does not establish causation to create an actionable claim against the CDCR or its officials. Hence, the tentative ruling set forth in the OSC is acted herein and claims against the State officials and state officials are hereby stricken and dismissed. The First Amended Complaint shall remove such the allegations and naming State Defendants;

(5) Plaintiff concedes and agrees to drop DOE defendants 11-50. Therefore, other than DOES 1-10, under Local Rule 19-1, DOE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:25-cv-02270-SVW-AYP                                    Date:  July 31, 2026

Title      Daniel Carlos Garcia v. County of Riverside et al

     defendants beyond 10 are hereby stricken and dismissed. The First Amended Complaint shall reflect this change; and

(6) Seeking declaratory and injunctive relief against the County and various County Defendants are hereby stricken and dismissed based upon mootness. Plaintiff's requests for declaratory and injunctive relief – which only seek relief for injuries allegedly occurring in County custody is moot. *Rhodes v. Stewart*, 488 U.S. 1, 2-4 (1988) (per curiam); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991) (per curiam).

     The Plaintiff's Complaint (Dkt. No. 1) is hereby dismissed without prejudice. Plaintiff shall have thirty (30) days from the date of this Order to file a First Amended Complaint reflecting the ruling set forth herein. **Plaintiff is cautioned that the failure to comply with this Order may result in the dismissal of the action.**

     IT IS HEREBY ORDERED.

                                                                           :

**Initials of Preparer**    mp